[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11206

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BOLAJI OWOLABI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:16-cr-00274-TWT-JSA-1

_____

Before Newsom, Brasher, and Black, Circuit Judges.

PER CURIAM:

Bolaji Owolabi appeals his 24-month imprisonment sentence imposed upon revocation of his supervised release. Owolabi asserts the district court considered the impermissible factor of the need for the sentence to provide just punishment for the offense and relied on the Government's unsupported assertion that he began committing his new criminal conduct while serving his prior imprisonment sentence. Owolabi also contends his 24-month imprisonment sentence was substantively unreasonable because the district court did not provide a sufficient justification for the upward variance and imposed a sentence that did not serve the purposes of 18 U.S.C. § 3553(a). After review,[1] we affirm.

## I. PROCEDURAL REASONABLENESS

### A. Consideration of Impermissible Factor

A district court may, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7),"[2] revoke a term of supervised release and require

---

[1] We generally review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

[2] The enumerated § 3553(a) factors include, in relevant part, (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need

a defendant to serve in prison all or part of the term of supervised release authorized by statute for the underlying offense that resulted in the term of supervised release. 18 U.S.C. § 3583(e)(3). Absent from § 3583(e) is § 3553(a)(2)(A), which provides a district court must consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* § 3553(a)(2)(A).

In *Vandergrift*, we considered the appellant's argument the district court improperly considered the factors in § 3553(a)(2)(A) when imposing a sentence upon revocation of supervised release as a procedural reasonableness challenge and reviewed it for plain error because the appellant did not raise the issue below. *United States v. Vandergrift*, 754 F.3d 1303, 1307-09 (11th Cir. 2014). We recognized § 3583(e) omitted § 3553(a)(2)(A) from the list of factors to be considered in the context of revocation of supervised release but did not expressly forbid a court from considering it either. *Id.* at 1308. We stated that neither we nor the Supreme Court had addressed whether it was error for a court to consider a factor listed in § 3553(a)(2)(A) when imposing a sentence after revoking supervised release and that those circuits that had published an opinion

---

to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range under the Guidelines; and (6) any pertinent policy statement issued by the Sentencing Commission. *Id.* § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7).

addressing the issue were split. *Id.* We held that, considering the lack of clear binding precedent and the circuit split, a district court's consideration of § 3553(a)(2)(A) in imposing a sentence upon revocation of supervised release was not plain error. *Id.*

Like in *Vandergrift*, the district court did not plainly err[3] by considering § 3553(a)(2)(A) when imposing Owolabi's sentence upon revocation of supervised release. As we stated, any such error is not plain because the text of § 3583(e) does not explicitly forbid a district court from considering § 3553(a)(2)(A) when imposing a sentence upon revocation of supervised release and there is no binding precedent from this Court or the Supreme Court holding that consideration of § 3553(a)(2)(A) is an error. *Vandergrift*, 754 F.3d at 1308-09. There have been no cases since *Vandergrift* holding that consideration of a factor in § 3553(a)(2)(A) in this context is error. Thus, Owolabi cannot show any alleged error[4] by the district

---

[3] While Owolabi raised a sweeping, general objection to "procedural reasonableness," he did not raise the specific issue of the district court's considering the impermissible factor "to provide just punishment" before the court, so this issue is reviewed for plain error. *See United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015) ("A sweeping, general objection is insufficient to preserve specific sentencing issues for review."); *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (explaining to preserve an issue for appeal, a party must raise an objection that is "sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought" and do so "in such clear and simple language that the trial court may not misunderstand it" (quotation marks omitted)).

[4] Moreover, the district court's comments regarding the need for Owolabi's sentence to provide some punishment for the violation of his supervised release conditions, in context with its comments finding his conduct of

court was plain. *See United States v. Lange*, 862 F.3d 1290, 1296 (11th Cir. 2017), *abrogated on other grounds by United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (*en banc*) (stating there can be no plain error when the issue is not directly resolved by law from the Supreme Court or us).

## B. Unsupported Factual Finding

Owolabi also cannot show plain error in the district court's statement that he began his criminal conduct "even before he was released from the custody of the [BOP]," as he has not pointed to any precedent holding that what the district court did was error. *See Lange*, 862 F.3d at 1296. Moreover, on review of the district court's statement in context with the rest of the sentencing determination, as the Government notes, the district court found that Owolabi's conduct started "immediately" after release from BOP custody and then noted it was possible it started even earlier. From the context of the district court's statement, it did not base its sentencing decision on a finding his criminal conduct started before

---

committing the same offenses for which he was originally convicted shortly after beginning his supervised release term to be truly extraordinary and noting Owolabi's contempt for complying with court orders and with probation officer instructions, could be construed as reflecting the need to sanction Owolabi for his breach of the court's trust while on supervised release. U.S.S.G. Ch. 7, Pt. A, intro. Comment. 3(b) (providing a sentence imposed upon revocation should sanction primarily the defendant's "breach of trust" for failing to abide by the conditions of the court ordered supervision, while also accounting for, "to a limited degree, the seriousness of the underlying violation and the criminal history of the violator"). This is not error, much less plain error.

release from BOP custody; rather, it made an offhand comment acknowledging a possibility. The district court did not base its sentence on a clearly erroneous fact and did not err, much less plainly err. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (selecting a sentence based on clearly erroneous facts is a procedural error); *Lange*, 862 F.3d at 1296.

## II.  SUBSTANTIVE REASONABLENESS

We consider the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51. In reviewing for substantive reasonableness, we must consider the totality of the circumstances, including the extent of any variance from the guideline range. *Id*. The district court abuses its discretion if it: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Section 3553(a) requires that a court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2). 18 U.S.C. § 3553(a). The district court does not have to give all the § 3553(a) factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). A district court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). It is not

required to state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them. *Id.*

If a district court determines that a variance is warranted, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. In determining whether to impose a variance, a district court may consider the nature of a prior offense under the § 3553(a) factors when the prior crimes were similar to the present offense, even if the offense already has been considered in calculating the defendant's criminal history score under the Guidelines, because it "fits squarely into one of the § 3553(a) factors, the history and characteristics of the offender," under § 3553(a)(1). *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008). The district court has broad discretion to decide whether the § 3553(a) factors justify a variance. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 141 S. Ct. 1648 (2021).

The district court's sentence was substantively reasonable. The district court did not err in considering information that had already been considered by the guideline range, such as the type of offense Owolabi committed with his new criminal conduct. *See Williams*, 526 F.3d at 1324. The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them, and it is clear from the totality of the circumstances the district court considered the nature and circumstances of the case and Owolabi's history and characteristics in

its determination that Owolabi's criminal conduct was "truly extraordinary." *See Sarras*, 575 F.3d at 1219; *Williams*, 526 F.3d at 1324. The court had discretion to attach great weight to the timeline and type of Owolabi's criminal conduct when sanctioning Owolabi's "breach of trust." *See Rosales-Bruno*, 789 F.3d at 1254; U.S.S.G. Ch. 7, Pt. A, intro. Comment. 3(b). And while the district court did not directly state the purposes of § 3553(a)(2) that the sentence served, the district court did not abuse its discretion, as the totality of the district court's comments, particularly its focus on Owolabi's immediate return to criminal conduct upon release, addressed the sentencing purposes of deterrence and protecting the public. *See Sarras*, 575 F.3d at 1219; 18 U.S.C. § 3553(a), (a)(2)(B), (a)(2)(C). The district court did not abuse its discretion, and the sentence was substantively reasonable.

    **AFFIRMED.**